**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| In re: Grand Jury Subpoena,<br><br>MATTHEW COLE,<br><br>Subpoenaed Party. | Case No. 4:26dml<br><br>4:25G1/NN25-2386 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCLOSURE OF ANY SUBPOENA, COURT ORDER, OR WARRANT TO THIRD PARTIES**

Matthew Cole, by and through counsel, submits this memorandum of law in support of his motion to compel disclosure of any subpoena, court order, or warrant issued to any third party that seeks his information or records, or information or records of anyone associated with him, in connection with this investigation. The Department of Justice's regulations require the Government to disclose any such process. Beginning more than 10 days ago, undersigned counsel has asked repeatedly whether the Department issued any such process, but the Government has not responded. *See* July 24, 2026, Email from A. Bosse to B. Samuels and J. Ferrentino (Ex. A). In light of the applicable regulations set forth in 28 C.F.R. § 50.10 and Judge Miller's recommendation that the Court find that the Government has "complied with DOJ procedures,"[1]

[1] Mr. Cole strongly disputes Judge Miller's finding that the Department of Justice is in compliance with its internal policies and procedures—even absent any additional information that comes to light in response to the instant motion—and plans to file his objections to Judge Miller's Report and Recommendation on that ground among others in accordance with the "Review Procedure" set forth in the Report and Recommendation. *See* ECF No. 12, at 30.

*see* ECF No. 12, at 16, Mr. Cole respectfully requests that this Court order the Government to disclose, at a minimum, whether it has sought from third parties records or information regarding Mr. Cole or anyone associated with him. The Department of Justice has sought such third-party subpoenas in other media leak investigations and disclosed them to counsel.[2]

Whether the Department has sought such materials from third parties bears on two issues central to this case. *First*, a demand for Mr. Cole's communications or business records would present the same legal issues as the subpoena for Mr. Cole's testimony. *See, e.g.*, Order, *In re Grand Jury Subpoenas Dated July 10, 2026*, No. 26-mc-352 (AS) (S.D.N.Y. July 22, 2026), ECF No. 36 (ordering the Government to disclose the "subpoenas issued in th[e] proceeding" to movants); *see also In re Grand Jury Subpoena #£06-1*, 274 F. App'x 306, 310 (4th Cir. 2008) ("A third party has standing to intervene in grand jury proceedings and challenge the validity of a subpoena directed to another person or entity when the third party has a legally cognizable interest in the materials sought" (citations omitted); *In re Grand Jury Proc. #5 Empanelled Jan. 28, 2004*, 401 F.3d 247, 249 (4th Cir. 2005) (vacating and remanding trial court's denial of motion to quash grand jury subpoena seeking documents and testimony from third party that may contain attorney-client and work product privilege); *cf. N.Y. Times Co. v. Gonzales*, 459 F.3d 160, 163 (2d Cir. 2006) ("[W]hatever rights a newspaper or reporter has to refuse disclosure in response to a subpoena extends to the newspaper's or reporter's telephone records in the possession of a third party provider."). Thus, to the extent there is any such additional legal process targeting Mr. Cole or his records, he would seek to expand his motion to quash to encompass that process as well.

[2] *E.g.*, Order, *In re Grand Jury Subpoenas Dated July 10, 2026*, No. 26-mc-352 (AS) (S.D.N.Y. July 22, 2026), ECF No. 36.

*Second*, if the Department has sought such process, the failure to notify Mr. Cole of any such process would already constitute *per se* violations of the Department's regulations. As set forth at 28 C.F.R. § 50.10, the Department's regulations governing the use of law enforcement tools to obtain information from the news media apply to the use "by law enforcement authorities of subpoenas, or court orders . . . *to obtain from third parties* communications records or business records of members of the news media." 28 C.F.R. § 50.10(b)(2)(i) (emphasis added). Subsection (e), entitled "*Notice to affected member of the news media*" states:

> When the Attorney General has authorized the use of a subpoena, court order, or warrant *to obtain from a third party* communications records or business records of a member of the news media, the affected member of the news media *shall* be given reasonable and timely notice of the Attorney General's determination *before the use* of the subpoena, court order, or warrant, unless the Attorney General determines that, for compelling reasons, such notice would pose a substantial threat to the integrity of the investigation, risk grave harm to national security, or present an imminent risk of death or serious bodily harm.

28 C.F.R. § 50.10(e)(1)(i) (emphases added). Because Mr. Cole was made aware of this investigation on February 9, 2026, when he was served with the subpoena *ad testificandum*, there was no possible basis as of that date to assert that notice of a third-party subpoena seeking his communication or business records would "risk grave harm to national security" or otherwise present imminent risk of death or harm to anyone.

The failure to notify Mr. Cole even now—six months after service of the testimonial subpoena—would constitute an additional violation. Section 50.10(e)(2) of the regulations expressly applies if pre-issuance notice was not provided. It states:

> [T]he United States Attorney or Assistant Attorney General responsible for the matter *shall* provide to the affected member of the news media notice of the order or warrant as soon as it is determined that such notice will no longer pose a substantial threat to the integrity of the investigation, risk grave harm to national security, or present an imminent risk of death or serious bodily

> harm. *In any event*, such notice *shall occur within 45 days* of the government's receipt of any return made pursuant to the subpoena, court order, or warrant, except that the Attorney General *may authorize delay of notice for an additional 45 days* if he or she determines that, for compelling reasons, such notice would pose a substantial threat to the integrity of the investigation, risk grave harm to national security, or present an imminent risk of death or serious bodily harm. *No further delays may be sought beyond the 90-day period.*

28 C.F.R. § 50.10(e)(2) (emphases added).

Again, there can be no argument that there is an ongoing threat to the integrity of the investigation or harm to national security by the disclosure to Mr. Cole of any third-party process given that he is well aware of the existence of the investigation and that the government is seeking information relating to his reporting. Therefore, if any third-party process exists, then at a minimum (1) the Government is in violation of 28 C.F.R. § 50.10(e), and (2) the Government has an ongoing obligation to provide such notice, even if it does so late. Any such violation should be considered by the District Court Judge in evaluating the Report and Recommendation (ECF No. 12 at 16) on Mr. Cole's Motion to Quash (ECF No. 1).

Counsel has brought these provisions to the Government's attention, but the Government has offered no response. *See* Ex. A. Mr. Cole therefore respectfully requests that the Court order the Government to disclose to counsel any process issued to third parties seeking business or communication records relating to Mr. Cole or anyone associated with him, or at a minimum, to disclose the existence and substance thereof.

Dated: August 4, 2026

Respectfully submitted,

*/s/ Andrew Bosse*
Andrew Bosse (VSB No. 98616)

abosse@bkbfirm.com
BAUGHMAN KROUP BOSSE PLLC
500 East Main Street, Suite 1400
Norfolk, Virginia 23510
Tel: (757) 904-5373

David A. O'Neil*
daoneil@debevoise.com
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Ave NW
Washington, DC 20004
Tel: (202) 383-8000

*Counsel for Movant Matthew Cole*
*Admitted *pro hac vice.*

## CERTIFICATE OF SERVICE

I certify that on August 4, 2026, I sent a true and correct copy of the foregoing to counsel for the Government in the United States Attorney's Office for the Eastern District of Virginia and the National Security Division of the Department of Justice by electronic mail.

*/s/ Andrew Bosse*____________
Andrew Bosse (VSB No. 98616)
abosse@bkbfirm.com
BAUGHMAN KROUP BOSSE PLLC
500 East Main Street, Suite 1400
Norfolk, Virginia 23510
Tel.: (757) 904-5373

*Counsel for Movant Matthew Cole*