IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | |
|---|---|
| In re Grand Jury Subpoena,<br><br>MATTHEW COLE,<br>Subpoenaed Party | Case No. 4:26dm1<br>4:25G1/NN25-2386<br><br>**Filed Under Seal** |

**GOVERNMENT'S RESPONSE TO MATTHEW COLE'S MOTION TO COMPEL**

Following Magistrate Judge Miller's recommendation that this Court deny Matthew Cole's request to quash a subpoena for his testimony before a grand jury investigating a matter where his testimony is relevant and material (ECF No. 12, the "R&R"), Cole has moved the Court to compel the government to provide discovery of any third-party process related to him (ECF Nos. 13 & 14). Cole's request is unfounded: First, as a grand jury witness, Cole is entitled to no such discovery. Second, though Cole believes he is entitled to disclosure under the Department of Justice News Media Policy, that internal policy is not law, and by its express terms, it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." 28 C.F.R. § 50.10(i). Cole's motion should therefore be denied.

## I. Cole Has No Standing as a Grand Jury Witness to Compel Disclosure of the Government's Investigation.

As Magistrate Judge Miller stated in his R&R, the fact that the government has used other "legal process to obtain more information regarding [Cole's] article and the alleged unauthorized disclosure of classified information is a matter of court record." ECF No. 12, at 18

n.5. The fact that the government may have used legal process beyond a subpoena to one witness also does not distinguish this case from most other criminal investigations. However, it does not follow that Cole, as a witness, has any right to discovery what other process the government may have sought in connection with this case. No rule of procedure or other legal authority requires such discovery here.

The two Fourth Circuit cases cited by Cole in his bid for disclosure do not concern reporters. *See* ECF No. 14, at 2. Instead, they concern a context where a real, rather than an presumed, privilege obtains: the attorney-client relationship. Thus, one of the cited cases observes that an actual client of an attorney who received a grand jury subpoena has third-party standing to object to disclosure of materials that might be privileged. *See In re Grand Jury Subpoena #£06-1*, 274 F. App'x 306, 311 (4th Cir. 2008) (holding that district court properly denied a subsidiary's motion to intervene regarding a subpoena directed to its parent company as it failed to show it was a joint client of the parent's attorneys). The other case concerned review of a district court's application of the crime-fraud exception to the attorney-client privilege in a grand jury investigation. *See In re Grand Jury Proc. #5 Empanelled Jan. 28, 2004*, 401 F.3d 247, 256 (4th Cir. 2005) (noting "the guarded blanket of confidentiality surrounding the attorney-client relationship"). *Cf. Branzburg v. Hayes*, 408 U.S. 665, 667 (1972) (rejecting First Amendment testimonial privilege for reporters).

But critically, neither Fourth Circuit case cited by Cole held that any grand jury witness, or any other person, has a right to affirmative disclosure by the government of process served on third parties in an investigation. Indeed, the government is aware of no case in this circuit that so holds.

Cole cites a case from the Second Circuit for the proposition that he enjoys special status as a reporter to discover other aspects of the government's investigation. That court has held, based on its own unique precedent, that "any common law or First Amendment protection that protects the reporters also protects their third-party telephone records sought by the government" by subpoena. *N.Y. Times Co. v. Gonzales*, 459 F.3d 160, 168 (2d Cir. 2006) (citing *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. Waterfront Comm'n*, 667 F.2d 267, 269-71 (2d Cir. 1981)). This holding—which is not the law of this circuit—puts the cart before the horse, and presumes either a constitutional or common law privilege that both the Supreme Court and the Fourth Circuit have declined to extend to reporters. *See Branzburg*, 408 U.S. at 667; *United States v. Sterling*, 724 F.3d 482, 492 (4th Cir. 2013). Equally important, however, neither *Gonzales* nor the *Local 1814* decision on which the Second Circuit based this aspect of its third-party-standing holding actually pronounced a right of grand jury witnesses to be *notified* of other process relating to their activities. Such a right would be inconsistent with "the general veil of secrecy which covers grand jury proceedings" and other ex parte criminal investigative process. *See Bast v. United States*, 542 F.2d 893, 896 (4th Cir. 1976) (holding grand jury witness not entitled to transcript of his own testimony without showing of particular need).

## II. The Department's News Media Policy Does Not Create Enforceable Rights to Disclosure.

The motion to compel contains much speculation that the Department has violated its News Media Policy by declining to respond to Cole's request for disclosure here. *See* ECF 14, at 3-4 (citing 28 C.F.R. § 50.10). Cole overlooks what Magistrate Judge Miller correctly noted in the recent R&R, however: that the News Media Policy is "internal" and does not create enforceable rights in any person. ECF No. 12, at 17. Specifically, that policy contains an explicit disclaimer that it "is not intended to, and does not, create any right or benefit, substantive

or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." 28 C.F.R. § 50.10(i).

That the News Media Policy creates no enforceable rights has been repeatedly recognized by multiple circuit courts, including the Fourth Circuit. *See In re Shain*, 978 F.2d 850, 853-54 (4th Cir. 1992) (noting that the News Media Policy "was promulgated without notice and comment under the Attorney General's statutory power to 'direct' the litigation of the United States and the conduct of its attorneys" and "is of the kind to be enforced internally by a governmental department, and not by courts through exclusion of evidence"); *see also In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1152-53 (D.C. Cir. 2006) (affirming that news media guidelines "exist to guide the Department's exercise of its discretion in determining whether and when to seek the issuance of subpoenas to reporters, not to confer substantive or procedural benefits upon individual media personnel"); *In re Special Proceedings*, 373 F.3d 37, 44 n.3 (1st Cir.2004) (noting that Department media guidelines state that they do not create legally enforceable rights); *In re Grand Jury Proc. No. 92-4*, 42 F.3d 876, 880 (4th Cir. 1994) (Department guidelines regarding subpoenas to attorneys are not enforceable in the courts).

The government is aware that a district judge in the Southern District of New York recently determined to give some substantive effect to the Department's internal regulations in a matter litigated on behalf of *The New York Times* by Cole's counsel. *See* Order, *In re Grand Jury Subpoenas Dated July 10, 2026*, No. 26-mc-352 (AS) (S.D.N.Y. July 22, 2026) (Dkt. No. 36). That decision was in contravention of both the express terms of the News Media Policy, *see* 28 C.F.R. § 50.10(i), and underpinned by different circuit precedent, such as *Gonzales*, that does not control here.

More fundamentally, the Department's internal policies about third-party process related to reporters have nothing to do with whether Cole's testimony is relevant and material to the grand jury's investigation, as Judge Miller has already correctly concluded. *See* ECF No. 12. The Court should thus decline Cole's invitation to open a door regarding any third-party process as his motion to compel invites.

**CONCLUSION**

There being no basis in the law for Cole's motion to compel, the Court should deny it.

Date: August 18, 2026

Respectfully submitted,

TODD W. BLANCHE
ATTORNEY GENERAL

THEOPHANI K. STAMOS
FIRST ASSISTANT U.S. ATTORNEY

By: /s/ Brian J. Samuels
Brian J. Samuels
Peter G. Osyf
Assistant United States Attorneys

JOHN A. EISENBERG
ASSISTANT ATTORNEY GENERAL
National Security Division

By: /s/ Joshua T. Ferrentino
Joshua T. Ferrentino
Trial Attorney
Counterintelligence and Export Control Section