**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**IN RE: GRAND JURY SUBPOENA,**
**MATTHEW COLE,**

**Subpoenaed Party.** **Case No. 4:26dm1**

**ORDER**

This matter is before the Court on a Motion to Unseal filed by movant Matthew Cole. ECF No. 10. The United States, as respondent, filed a brief highlighting the grand jury secrecy requirements of Federal Rule of Criminal Procedure 6(e), and explained that it "does not object to partial unsealing of the proceedings, but requests that the Court direct the release of redacted versions of the briefing and the Court's Report and Recommendation (R&R) to preserve grand jury secrecy interests . . . ." ECF No. 15, at 1 (emphasis added). The Government has submitted proposed redactions as to five documents. See ECF Nos. 15-1 to 15-5 (Cole's Memo in Support of Motion to Quash, ECF No. 2; O'Neil Declaration, ECF No. 2-5; Govt's Response to Motion to Quash, ECF No. 8; Reply to Motion to Quash, ECF No. 9; and the R&R, ECF No. 12). Petitioner thereafter filed a reply brief objecting to the Government's proposed redactions. ECF No. 18.

In the absence of any objection to unsealing the case itself or to unsealing redacted portions of the five filings listed above,

the Court **GRANTS** the motion to unseal **in part**, and **TAKES IT UNDER ADVISEMENT in part**. ECF No. 10.

On November 19, 2026, the parties will appear before the Court for oral argument to address the outstanding objections to the R&R and other pending motions. With respect to the sealing dispute, the parties will have an opportunity at the hearing to address the disputed portion of the motion to unseal that is taken under advisement today. Such argument will take place in open court to the extent possible, and the Court does not at this time decide whether there is a valid basis for sealing a limited portion of the proceedings.[1]

The Clerk is hereby **INSTRUCTED** to make the instant case publicly viewable in CM/ECF with documents 1 through 12 (and attached exhibits) publicly viewable, with the following two exceptions: (1) the five redacted documents subject to the sealing dispute (ECF No. 2, 2-5, 8, 9, & 12); and (2) ECF No. 2-1. For the five documents with proposed redactions submitted by the Government, pending oral argument, only the redacted version of these documents shall be publicly viewable. The unredacted version of these documents shall remain under seal.

As for ECF No. 2-1 (Subpoena), the Government's opposition brief asserts that this document should be redacted or sealed, ECF

[1] Counsel may, in advance of the hearing, submit additional filings addressing the propriety of sealing a limited portion of the proceedings.

No. 15, at 5-6 & n.1, but no proposed redacted version was filed. Accordingly, this document shall temporarily remain under seal until the Government clarifies its position on unsealing.

As for all filings that have been docketed after the R&R, ECF Nos. 13 through 20, the Government is **INSTRUCTED** to review these materials, consult with counsel for movant as appropriate, and prepare redacted versions of those documents for which a sealing dispute exits. As to any document currently filed at ECF No. 13 through 20 for which a live sealing dispute exists, the Government **SHALL FILE,** on or before **10:00 a.m. on October 13, 2026,** a Motion to Seal with attached redacted versions for public filing (the Government should also provide its position on ECF No. 2-1). Movant may file a response to the motion, if he is so inclined, on or before **10:00 a.m. on October 19, 2026.**[2]

After receipt of the Government's motion and any response, the Court will likely enter a brief order instructing the Clerk to docket ECF Nos. 13 through 20 in the public case in their appropriate format (unsealed if sealing is not requested, redacted with a sealed unredacted version for the documents where sealing is requested). To be clear, this process is merely a temporary measure to promote transparency until oral argument can be

[2] A detailed filing is not necessary from either party as their sealing arguments have already been presented and they will have an opportunity to argue their positions at the November hearing. The parties may, however, briefly present updated argument on sealing to the extent that ECF Nos. 13-20 contain unique language for which supplemental sealing arguments are necessary.

conducted while leaving in place adequate safeguards consistent with the recognized secrecy of the grand jury process.

In summary, the motion to unseal is **GRANTED in part**, and **TAKEN UNDER ADVISEMENT in part**, with all live disputes over the propriety and scope of sealing reserved for resolution after oral argument. ECF No. 10. The Court agrees with the parties that much of the currently sealed filings should be unsealed; however, the well-established and foundational interest in maintaining grand jury secrecy continues to support temporary sealing until the time that counsel can be fully heard on the issue.

Although there is plainly a live dispute over the propriety and scope of sealing, the Court encourages counsel to coordinate with each other following the issuance of this Order to: (1) ensure that the public docket includes only the material for which no sealing dispute exists; and (2) reach agreement regarding sealing matters to the extent possible.

The Clerk shall forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 5, 2026