IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | |
|---|---|
| In re Grand Jury Subpoena,<br><br>MATTHEW COLE,<br>Subpoenaed Party | Case No. 4:26dm1<br>4:25G1/NN25-2386 |

**GOVERNMENT'S MOTION TO SEAL**

As directed by the Court's Order dated October 5, 2026 (ECF No. 21), the government has reviewed the filings in this matter, and respectfully moves to seal, in whole or in part, the following docket entries:

- ECF Nos. 15-1 through 15-5 (the government's proposed redacted versions of other filings) should remain sealed in their entirety.
- ECF No. 16 (Matthew Cole's Objections to Magistrate Judge's Report and Recommendation) should be partially unsealed, in the redacted form proposed as Exhibit A hereto.
- ECF No. 18 (Reply in Support of Matthew Cole's Motion to Unseal) should be partially unsealed, in the redacted form proposed as Exhibit B hereto.
- ECF No. 20 (Government's Response to Matthew Cole's Objections to Magistrate Judge's Report and Recommendation) should be partially unsealed, in the redacted form proposed as Exhibit C hereto.

The government's reasons for sealing of the above items are consistent with those more fully articulated by the government in its Response to Matthew Cole's Motion to Unseal, ECF

No. 15. In sum, the sealing and redactions proposed by the government are "necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury," Fed. R. Crim. 6(e)(6), including details about the grand jury's likely course of conduct in the near future, such as a witness' expected testimony or questions he would be asked, or other information about the strategy or direction of a grand jury investigation. *See, e.g., In re Grand Jury Investigation (Lance),* 610 F.2d 202, 217 (5th Cir. 1980); *In Re Sealed Case No. 99-3091,* 192 F.3d 995, 1001 (D.C. Cir. 1999); *United States v. Flemmi,* 233 F.Supp.2d 75, 79 (D. Mass. 2000).

Counsel for the United States has consulted with Mr. Cole's attorneys, who indicated that their position continues to be that the matter should be unsealed in its entirety.

However, both the government and Mr. Cole agree that the the grand jury subpoena to Mr. Cole (ECF No. 2-1) may be unsealed with the redaction of his home address and telephone number, consistent with Federal Rule of Criminal Procedure 49.1 and local court practice. A redacted version of ECF No. 2-1 is attached hereto as Exhibit D.

Finally, the government does not oppose the unsealing, without redaction, of the following docket entries filed to date:

- ECF Nos. 13, 13-1, and 13-2 (Cole's Motion to Compel Disclosure, with exhibits);
- ECF No. 14 (Cole's Memorandum of Law in Support of Motion to Compel Disclosure);
- ECF No. 15 (Government's Response to Motion to Unseal) except that all exhibits thereto should remain sealed as noted above;
- ECF No. 17 (Government's Response to Motion to Compel Disclosure); and
- ECF No. 19 (Cole's Reply in Support of Motion to Compel Disclosure).

Date: October 13, 2026

Respectfully submitted,

TODD W. BLANCHE
ATTORNEY GENERAL

THEOPHANI STAMOS
FIRST ASSISTANT U.S. ATTORNEY

By: /s/ Brian J. Samuels
Brian J. Samuels
Peter Osyf
Assistant United States Attorneys

JOHN A. EISENBERG
ASSISTANT ATTORNEY GENERAL
National Security Division

By: /s/ Joshua T. Ferrentino
Joshua T. Ferrentino
Trial Attorney
Counterintelligence and Export Control Section